IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.  Criminal No. 07-221
ELECTRONICALLY FILED

TRACY GREEN

## TENTATIVE FINDINGS AND RULINGS

     **AND NOW, this 21st day of October, 2008**, in accordance with Fed.R.Crim.P. 32(i) and Local Criminal Rule of Court LCrR 32.1(H), the Court makes the following findings and rulings with respect to Defendant's Position with Respect to Sentencing Factors (doc. no. 34) (as augmented by her Memorandum in Aid of Sentencing (doc. no. 35)), which sets forth objections to and a motion for a downward departure from the Probation Office's guidelines calculations set forth in its Presentence Investigation Report ("PSR").

The PSR calculates a 37 to 46 months advisory guideline sentencing range of imprisonment based upon a total offense level 15 and a criminal history category V.

1. Initially, the Court notes that defendant does not challenge the factual recitations of the PSR, only the calculations based thereon. Pursuant to Federal Rules of Criminal Procedure 32(i)(3)(B), this Court is required, with regard to any factual inaccuracy in the PSR, to make a finding as to each allegation or a determination that no such finding is necessary because the matter in controversy will not be taken into account in sentencing the defendant. Because neither party has challenged the accuracy of the factual averments of the Probation Office's report in any other respect, the Court will accept the accuracy of the fact findings of the PSR

which are not in dispute. *United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989) ("A conclusion in the presentence investigation report which goes unchallenged by the defendant is, of course, a proper basis for sentence determination. In this respect, the report serves as a prima facie and sufficient showing of fact.").

      2.      Objection to PSR ¶¶ 15, 20 – Amount of Loss – $31,061.71.

Defendant objects to or, alternatively, seeks downward departure from the 4 level increase to his offense level pursuant to U.S.S.G. § 2B1.1(b)(1)(D) based upon the Probation Office's calculation of an amount of loss of $31,061.71, which reflects an actual loss from cashed counterfeit checks in the amount of $15,028.40, and an intended loss from uncashed counterfeit checks in the amount of $16,033.31. Defendant does not dispute that uncashed counterfeit checks in the amount of $16,033.31 were in defendant's possession when arrested, and the Court finds it entirely appropriate to include that amount in the total loss for purposes of the guidelines calculation as relevant conduct. The Court overrules this objection and request for departure.

      3.      Objection to PSR ¶ 24 – Role in the Offense.

Defendant objects to a 4 level enhancement for aggravated role in the offense, arguing that her conduct does not justify the highest 4 level enhancement under U.S.S.G. § 3B1.1, which provides:

> **3B1.1 Aggravating Role.**
>
> Based on the defendant's role in the offense, increase the offense level

as follows:

>(a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.

>(b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.

>(c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

The Court agrees with defendant that a 4 level enhancement is not warranted. The commentary to section 3B1.1 lists the factors to be considered, including "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." Application Note 4. The background commentary also indicates the intent of the Commission's intent "that this adjustment should increase with both the size of the organization and the degree of the defendant's responsibility" and that in "relatively small criminal enterprises that are not otherwise to be considered as extensive in scope or in planning or preparation, the distinction between organization and leadership, and that of management or supervision, is of less significance than in larger enterprises that tend to have clearly delineated divisions of responsibility. This is reflected in the inclusiveness of § 3B1.1(c)." Background commentary.

Although the enterprise herein involved more than five persons, and although defendant's role was paramount in the operation, nevertheless, the Court deems the operation to be a

"relatively small criminal enterprise" involving a group of drug users joining together to get money for drugs. Ms. Green certainly was the most active and skillful participant and organizer, but the relative size and nature of this enterprise sets it apart from others involving a similar number of players. The Court assesses her role in the offense as "an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b)," and so will increase defendant's offense level by 2 levels instead of 4 pursuant to section 3B1.1(c). Defendant's total offense level is, therefore, 13.

4.  Motion for Downward Departure for Overstated Criminal History Category.

The Court has carefully considered this request, but finds that defendant's criminal history is fairly impressive in length and persistence of criminal activity, although her record is not one of violence or serious felonies. She has mostly been a petty thief, it appears, and small time counterfeiter, but her criminal history point score (10) and criminal history category (V) are nevertheless accurate and not overstated. The Court will, of course, consider defendant's particular criminal history – i.e., the nature and seriousness of the individual offenses – at the sentencing hearing, after hearing from counsel.

5.  Based on a total offense level of 13 and a criminal history category V, defendant's advisory sentencing range is 30 to 37 months.

The Court will consider all of the factors defendant identifies in her Memorandum in Aid of Sentencing in determining an appropriate sentence within or at variance with the sentencing guidelines. The sentencing hearing will proceed in accordance with the foregoing findings and

rulings, and the Court will consider defendant's argument about any section 3553(a) factors, any request for a variance from the advisory sentencing guideline range of imprisonment, and argument as to an appropriate sentence in light of any relevant section 3553(a) factors presented to the Court.

          **SO ORDERED.**

          s/Arthur J. Schwab
          Arthur J. Schwab
          United States District Judge

cc:    All counsel of record

United States Marshal Office
United States Probation Office